

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| HARRY BELL, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 8:11-00037-HFF |
| | § | |
| QWEST COMMUNICATIONS | § | |
| INTERNATIONAL, INC. and QWEST | § | |
| COMMUNICATIONS COMPANY, LLC, | § | |
| Defendants. | § | |

## ORDER

### I.    INTRODUCTION

This case was filed as an action alleging the wrongful use of Plaintiff's property. Plaintiff

asserts causes of action for trespass, unjust enrichment, a violation of the South Carolina Unfair

Trade Practices Act, and conversion. Pending before the Court is Plaintiff's motion to remand the

case to state court. Having carefully considered the notice of removal, the motion, the response, the

record, and the applicable law, it is the judgment of this Court that Plaintiff's motion to remand will

be granted.

### II.    FACTUAL AND PROCEDURAL HISTORY

The gravamen of Plaintiff's complaint is that Defendants wrongfully installed fiber optic

cable across his land. Defs.' Notice Removal Ex. A, at 5-11, ECF No. 1-1. Plaintiff alleges that

Defendants negotiated with railroad companies for the right to install fiber optic cable along existing

rights-of-way that the railroad companies held. *Id.* at 6-8. According to Plaintiff, these rights-of-

way are limited exclusively to railroad purposes and the installation of fiber optic cable falls outside

their scope.  *Id.*  Plaintiff seeks damages for the wrongful installation of fiber optic cable across his

land and for the continued wrongful use of his land.  *Id.* at 10-11.  Plaintiff's complaint "prays for

relief and judgment against [Defendants], jointly and severally, not to exceed $75,000.00 exclusive

of interest and costs."  *Id.* at 10.

Plaintiff commenced this action in the Court of Common Pleas for Saluda County, South

Carolina, on June 25, 2010.  According to Plaintiff, while the case was pending in state court, he

served Defendants with multiple discovery requests that Defendants failed to fulfill.  Pl.'s Mot.

Remand 3-4, ECF No. 6.  Instead, Defendants sought Plaintiff's stipulation to maximum damages

of $75,000 through the following requests for admission and interrogatories:

## REQUESTS FOR ADMISSION

1.    Admit that at the time the complaint was filed, you did not intend to seek
      damages in excess of $75,000, exclusive o[f] interest and costs.
      **RESPONSE: Admit.**

2.    Admit that you will not seek damages in excess of $75,000, exclusive of
      interest and costs in this lawsuit.
      **RESPONSE: Plaintiff objects to this request. Plaintiff does not seek
      damages in excess of $75,000 at this time.  However, Plaintiff reserves
      the right to amend this response after the parties conduct discovery.**

3.    Admit that your damages in this lawsuit are $75,000 or less, exclusive of
      interest and costs.
      **RESPONSE: Plaintiff objects to this request. Plaintiff does not seek
      damages in excess of $75,000 at this time.  However, Plaintiff reserves
      the right to amend this response after the parties conduct discovery.**

## INTERROGATORIES

1.    If your response to any of the foregoing Requests for Admission is anything
      other than an unqualified admission, as to each separate response please state

and describe the facts upon which you rely in refusing to admit such Requests for Admission.
**ANSWER: No response is required.**

2. At the time the complaint was filed, did you intend to seek damages in excess of $75,000, exclusive of costs and interest?
**ANSWER: No.**

3. If the answer to interrogatory number 2 is "no," are you willing to stipulate that the answer has a binding effect, limiting the amount of damages, exclusive of interests and costs, that you will pursue in this case?
**ANSWER: Plaintiff objects to this Interrogatory as a party cannot be required to stipulate to the amount of damages through an interrogatory, and in any event, no response can be formulated at this time because the parties have not conducted discovery. However, Plaintiff reserves the right to amend this response.**

4. As of today's date, do you intend to seek damages in excess of $75,000, exclusive of costs and interest?
**ANSWER: No.**

5. If the answer to interrogatory number 4 is "no," are you willing to stipulate that the answer has binding effect, limiting the amount of damages, exclusive of interest and costs, that you will pursue in this case?
**ANSWER: Plaintiff objects to this Interrogatory [as] a party cannot be required to stipulate to the amount of damages through an interrogatory, and in any event, no response can be formulated at this time because the parties have not conducted discovery. However, Plaintiff reserves the right to amend this response.**

6. In the future, do you intend to seek damages in excess of $75,000, exclusive of costs and interest?
**ANSWER: Plaintiff objects to this Interrogatory as he cannot fully anticipate what discovery may reveal in this case. If Defendants have evidence their wrongful actions have damaged Plaintiff in excess of $75,000, Plaintiff requests Defendants produce such information immediately, without further delay, and stipulate to the amount of damages it caused Plaintiff.**

7. If the answer to interrogatory number 6 is "no," . . . are you willing to stipulate that the answer has a binding effect, limiting the amount of damages, exclusive of interest and costs, that you will pursue in this case?
**ANSWER: Plaintiff objects to this Interrogatory as a party cannot be required to stipulate to the amount of damages through an**

> **interrogatory, and in any event, no response can[] be formulated at this time because the parties have not conducted discovery. However, Plaintiff reserves the right to amend this response.**

Defs.' Notice Removal Ex. B, at 2-4, ECF No. 1-2.  On January 5, 2011, within thirty days of receiving these responses, Defendants removed the case to this Court.  Defs.' Notice Removal 3-5, ECF No. 1.  On February 4, 2011, Plaintiff filed his motion to remand, to which Defendants responded on February 22, 2011.

## III.     STANDARD OF REVIEW

"Federal courts are courts of limited jurisdiction." *Barbour v. Int'l Union*, 640 F.3d 599, 605 (4th Cir. 2011) (en banc) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)) (internal quotation marks omitted).  The presumption is that an action falls outside of this limited jurisdiction, which means that the party asserting jurisdiction in federal court bears the burden of establishing it.  *Id.*  Accordingly, when defendants remove cases from state court to federal court, they carry the burden of showing that the requirements for jurisdiction are met.  *See In re Blackwater Sec. Consulting*, 460 F.3d 576, 583 (4th Cir. 2006) ("The party seeking removal bears the burden of demonstrating that removal jurisdiction is proper.").  The Court strictly construes removal statutes, and when jurisdiction is uncertain, federalism concerns militate in favor of granting remand.  *Barbour*, 640 F.3d at 605 ("Removal statutes, in particular, must be strictly construed, inasmuch as the removal of cases from state to federal court raises significant federalism concerns. Doubts about the propriety of removal should be resolved in favor of remanding the case to state court." (citations omitted)).

## IV.     CONTENTIONS OF THE PARTIES

Plaintiff asserts that remand is necessary because this Court lacks subject matter jurisdiction. Specifically, Plaintiff maintains that the amount-in-controversy requirement for diversity jurisdiction is unsatisfied.  He insists that he acted in good faith when requesting damages not to exceed $75,000 and that Defendants' failure to respond to discovery requests has prevented him from quantifying damages more specifically.  He resists Defendants' request that he stipulate to maximum damages of $75,000, arguing that he is unable to stipulate to damages until Defendants sufficiently respond to his discovery requests.  Finally, he requests that the Court award him costs and expenses as a result of the wrongful removal.

In response, Defendants charge that Plaintiff is acting in bad faith by claiming less than the jurisdictional amount.  Defendants argue that Plaintiff's refusal to stipulate to damages and his express reservation of the right to amend his complaint indicate that he intends to manipulate jurisdictional rules by amending his complaint for an amount greater than $75,000 once the one-year limitations period for removal in 28 U.S.C. § 1446(b) has passed.  To prevent such jurisdictional abuse, Defendants urge the Court to follow the "preferred approach" and hold that Plaintiff's refusal to stipulate to damages is itself evidence of bad faith and jurisdictional manipulation.  Defendants assert that Plaintiff's bad faith in claiming less than the jurisdictional amount justifies the Court exercising diversity jurisdiction.

## V.     DISCUSSION AND ANALYSIS

Defendants removed this case pursuant to the Court's diversity jurisdiction.  Diversity jurisdiction requires complete diversity of citizenship between the parties and an amount in controversy exceeding $75,000.  28 U.S.C. § 1332.  There is no dispute that complete diversity of

citizenship exists.   The parties disagree, however, as to whether the amount-in-controversy requirement is satisfied.  The resolution of Plaintiff's motion to remand turns on that issue.

The Supreme Court has interpreted 28 U.S.C. § 1441(a) to require that a "case be fit for federal adjudication at the time [a] removal petition is filed." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 73 (1996).  This means that federal district courts must possess original jurisdiction over a case at the time of removal.  *Rota v. Consolidation Coal Co.*, No. 98-1807, 1999 WL 183873, at *1 (4th Cir. Apr. 5, 1999) ("[J]urisdiction is determined as of the time of removal . . . .").  Accordingly, it is well-settled that when a defendant bases removal on diversity jurisdiction, the amount in controversy is determined at the time of removal.  14AA Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3702.4, at 457-61 (4th ed. 2011).   In making this determination, the amount claimed by the plaintiff in his complaint controls unless the claim is made in bad faith.  *See id.* § 3702, at 322 ("Under well-settled principles of pleading, the plaintiff is the master of the statement of his claim.  Thus, . . . as the judicial precedents make clear, if the plaintiff chooses to ask for less than the jurisdictional amount in a state court complaint, absent a showing of bad faith[,] only the sum actually demanded is in controversy even though the pleader's motivation is to defeat removal.").

The United States Court of Appeals for the Fifth Circuit has recognized that plaintiffs act in bad faith when they engage in jurisdictional manipulation by "plead[ing] for damages below the jurisdictional amount in state court with the knowledge that the claim is actually worth more, but also with the knowledge that they may be able to evade federal jurisdiction by virtue of the pleading." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir. 1995).  To prevent such abuse, the Fifth Circuit has held that "if a defendant can show that the amount in controversy actually

6

exceeds the jurisdictional amount," the burden shifts to the plaintiff to demonstrate to a legal

certainty that he "will not be able to recover more than the damages for which he has prayed in the

state court complaint." *Id.* at 1411. This standard requires the defendant to prove "by a

preponderance of the evidence that the amount in controversy is greater than the jurisdictional

amount," which involves "more than point[ing] to a state law that might allow the plaintiff to

recover more than what is pled." *Id.* at 1412 (emphasis omitted). If the defendant is able to make

this showing, the Fifth Circuit noted that plaintiffs could satisfy their "legal certainty" obligation by

pointing to a statute limiting their damages to what they claimed in their complaints or, in the

absence of such a statute, by "fil[ing] a binding stipulation or affidavit with their complaints." *Id.*

(quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992)) (internal quotation marks omitted).

A United States District Judge in the Southern District of Mississippi has determined that

defendants may satisfy their burden of proving that the amount in controversy exceeds $75,000

through the use of interrogatories and requests to admit. *Draper v. U.S. Fid. & Guar. Co.*, No.

Civ.A. 3:00CV70BN, 2000 WL 268565, at *2-3 (S.D. Miss. Mar. 8, 2000). He outlined what he

coined the "preferred approach," which provides the following:

> When a plaintiff has pleaded damages below $75,000
> and defense counsel believes that the damages are in excess
> of $75,000, the defendant can have the case properly removed
> by utilizing state court discovery procedures. Specifically,
> the defense lawyer can have the plaintiff admit through a
> deposition, an interrogatory, or a request for admission that
> his damages do not exceed $75,000. If the plaintiff denies
> this request, the case can be removed and this discovery
> response should be filed in the record. This discovery
> response will constitute "other paper" that affirmatively
> shows that the jurisdictional amount may be satisfied.

*McLain v. Am. Int'l Recovery, Inc.*, 1 F. Supp. 2d 628, 631 (S.D. Miss. 1998) (citation omitted).

Following his adoption of the preferred approach, the Fifth Circuit decided *Tedford v. Warner-*

7

*Lambert Co.*, 327 F.3d 423 (5th Cir. 2003), holding that "forum manipulation justifies application of an equitable exception" to the one-year limitation for removal in 28 U.S.C. § 1446(b). *Id.* at 427. This led the district judge in Mississippi to note that "the application of the 'Preferred Approach' is somewhat tempered by *Tedford.*" *Wilbanks v. N. Am. Coal Corp.*, 334 F. Supp. 2d 921, 926 (S.D. Miss. 2004). He recognized that *Tedford* now allows defendants to utilize the equitable exception to § 1446(b) if plaintiffs engage in jurisdictional manipulation by amending their complaints after the time for removal has passed. *Lee v. State Farm Mut. Auto. Ins. Co.*, 360 F. Supp. 2d 825, 832 (S.D. Miss. 2005); *Wilbanks*, 334 F. Supp. 2d at 926-28.

Although the Fifth Circuit's and Mississippi district court's decisions do not bind this Court, their sustained reasoning merits serious consideration. The United States Court of Appeals for the Fourth Circuit has cited the Fifth Circuit's decision in *De Aguilar* favorably in an unpublished opinion. *Aikens v. Microsoft Corp.*, No. 05-1013, 2005 WL 3439552, at *4 (4th Cir. Dec. 15, 2005). But, thus far, it has not adopted the "preferred approach" and has declined to recognize an equitable exception to the one-year limitations period in 28 U.S.C. § 1446(b). *See Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 163 (4th Cir. 1997) (noting that § 1446(b) erects an "absolute bar" to the removal of diversity cases one year after their commencement).

As noted, Plaintiff's complaint seeks damages not to exceed $75,000. Except for Plaintiff's responses to Defendants' interrogatories and requests to admit, Defendants have offered nothing to show, or even suggest, that Plaintiff's damages will exceed $75,000. Instead, Defendants ask the Court to adopt the preferred approach and find that Plaintiff, in claiming less than $75,000, acted in bad faith because he will not enter into a binding stipulation that he will not seek or accept more

at a later date.  For the following reasons, the Court declines Defendants' invitation to adopt the preferred approach.

First, Plaintiff's refusal to stipulate to maximum damages less than the jurisdictional amount does not necessarily indicate bad faith.  Plaintiffs, of course, may seek less than the jurisdictional amount to litigate their cases in state court.  *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938).  For any number of reasons not having to do with bad faith or jurisdictional manipulation, plaintiffs who wish to litigate in state court may resist forfeiting their ability to amend to seek or accept more than the jurisdictional amount, despite believing in good faith that their claim does not exceed $75,000.  Plaintiff's asserted justification that he wishes to engage in "meaningful discovery on issues of liability and damages before any permanent stipulation is made" exemplifies one such reason.  Pl.'s Mot. Remand 6.  The reality is that cases often evolve as they progress through litigation and the parties acquire more information pertaining to their claims and defenses.  Requiring plaintiffs at the outset of litigation to enter into a binding stipulation regarding damages could seriously handicap them as the case progresses.  As a result, it is understandable that, despite believing in good faith that their claims do not exceed the jurisdictional amount, many plaintiffs would decline to enter into such a binding stipulation.  For these reasons, the Court does not believe that a plaintiff's simple refusal to stipulate to maximum damages, without more, is sufficient to demonstrate bad faith.

Second, the Court is of the opinion that the preferred approach constitutes an aggressive exercise of removal jurisdiction, which the Fourth Circuit has counseled against.  Recently, the Fourth Circuit, sitting en banc, reminded district courts of the presumption that a cause of action lies outside of their limited jurisdiction, that removal statutes must be strictly construed, and that doubts

about the propriety of removal must be resolved in favor of remand. *Barbour*, 640 F.3d at 605. In this case, no evidence has been proffered indicating that the claims exceed $75,000. A plaintiff's refusal to stipulate to maximum damages does not establish that the claim exceeds $75,000. At best, it provides a tenuous and hypothetical inference. Thus, the Court has nothing before it demonstrating that the claims exceed $75,000 to justify exercising diversity jurisdiction and consequently divesting the state court of jurisdiction.

In a similar context, the United States Court of Appeals for the Eleventh Circuit has recognized that exercising jurisdiction "anytime a plaintiff sued for less than the jurisdictional amount but there remained even a possibility that she would amend her claim or be awarded more than she pleaded . . . would unacceptably broaden removal jurisdiction." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096-97 (11th Cir. 1994). This Court agrees and finds the Eleventh Circuit's concern applicable in this case. Thus, the Court, mindful of its limited jurisdiction and the federalism concerns implicated by removal, declines to adopt the preferred approach.

To be sure, the Court recognizes the plight of Defendants and agrees that the jurisdictional manipulation of which they are fearful would constitute bad faith. But to demonstrate that Plaintiff is engaging in jurisdictional manipulation, Defendants must offer more than his simple refusal to enter a binding stipulation limiting his damages. Plaintiff has failed to do so. Accordingly, the Court finds that the amount in controversy does not exceed $75,000 and that it lacks diversity jurisdiction to entertain this case. Removal was improper, and remand is warranted.

Although the Court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal," 28 U.S.C. § 1447(c), it declines to do so. Given the persuasive support for Defendants' position, the Court believes that they possessed an

objectively reasonable basis for seeking removal and, therefore, fees should be denied.  *See Martin*

*v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) ("[W]hen an objectively reasonable basis exists,

fees should be denied.").

## VI.     CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of this Court

that Plaintiff's motion to remand is **GRANTED** and the case is hereby **REMANDED**.  Furthermore,

Plaintiff's request for costs and expenses is **DENIED**.

**IT IS SO ORDERED**.

Signed this 30th day of June, 2011, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE
